KELLEY-STEINMETZ LIQUOR COMPANY v. C. G. HAUGEN.[1]

November 12, 1909.

Nos. 16,357—(114).

**Title to Property Attached — Finding.**

The issue tendered by plaintiff at the trial was that it had acquired title to the property involved by bill of sale from the consignee, prior to the time it was seized by the defendant as sheriff under a writ of attachment. The court having found that the levy under the writ was prior to the bill of sale in point of time, judgment should have been ordered for the defendant.

Action in the district court for Aitkin county to recover possession

[1]Reported in 123 N. W. 61.
109 M.—9

of certain packages of intoxicating liquor, which defendant as sheriff of that county had levied upon and taken under a writ of execution on May 1, 1907, and plaintiff had demanded as owner on May 10, or the sum of $388.60, the value thereof, in case delivery thereof could not be had, and $150 damages for the detention thereof. The defendant justified the taking under a writ of attachment levied on April 6, 1907, in an action against one C. G. Smith, who was the owner of the property, in which action a writ of execution was issued and on May 4, 1907, levied against the same property and held by defendant until taken from his possession in this action. The reply alleged that when attached the property was not in the possession of Smith but of the Northern Pacific Railway Company and that subsequently the writ of attachment was vacated by an order of the trial court, and admitted that the writ of execution was returned by the defendant on June 7, 1907, as wholly unsatisfied.

The case was tried before Stanton, J., who found the facts stated in the opinion, and that the property was attached while in the possession of the railway company and before delivery to Smith, and that the bill of sale mentioned in the opinion was made by Smith before delivery of the goods to him and ordered judgment in favor of plaintiff. From the judgment so entered, defendant appealed. Remanded with directions to the trial court to enter judgment in favor of defendant.

*Louis Hallum* and *Morphy, Ewing & Bradford,* for appellant.

*E. H. Krelwitz, Frank R. Hubachek* and *Louis A. Hubachek,* for respondent.

LEWIS, J.

April 3, 1907, respondent company, of Minneapolis, sold to C. G. Smith, of Aitkin, on credit, the personal property described in the complaint. The goods were shipped to Smith at Aitkin, where they arrived on the sixth of April, 1907. On that day an action was duly pending in the district court in Aitkin county, wherein L. Eppstein & Sons Company were plaintiffs and Smith was defendant, in which action a writ of attachment was issued on that date and placed in the hands of appellant, as sheriff of Aitkin county, who by virtue of the

writ seized the property. On April 19, while the goods were still in the hands of the sheriff under the attachment, Smith executed a bill of sale of the goods to respondent. Judgment was thereafter docketed in the action against Smith in favor of L. Eppstein & Sons Company, and on the first of May a writ of execution was issued, and the attached property was levied upon under and by virtue of the execution. On May 10 respondent served upon the sheriff an affidavit of ownership of the property and made written demand, setting forth that the goods were not the property of Smith, but of respondent, and that the ground of respondent's title was that, on the nineteenth of April, Smith, for value, sold and delivered the property to respondent by written bill of sale. Delivery of the property was refused, and this action was commenced against the sheriff to recover possession. The court found the facts as above set out, and ordered judgment in favor of respondent. Judgment was entered, from which the sheriff appealed.

The question for review is whether the findings of fact sustain the conclusions of law. The trial court was under the impression that the facts justified the conclusion that the goods in question were levied upon under the writ of attachment at a time when they were still in transit; that Smith had no possession, either actual or constructive; that the seller had a right, either directly or through his agent, to assume possession thereof; and that, consequently, the sheriff acquired no interest in the property by virtue of the attachment or subsequent execution. Conceding that the seller may, before final delivery to the consignee, exercise the right of stopping goods in transit, and thus prevent the consignee from acquiring any title or interest therein, that principle of law can have no application to the facts of this case, as settled by the findings of the trial court. The ground upon which the title of respondent is based, as appears from the complaint, is that the goods were purchased by respondent from Smith by virtue of the bill of sale. The same fact appears from the affidavit which was served upon the sheriff, claiming the property on the part of Smith. The court so found, and it would be unjustifiable to permit a new and entirely different issue to be introduced to support the judgment.

For this reason, the case is remanded, with directions to the trial court to enter judgment in favor of appellant.